IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DONALD BICKFORD § | |
| § | |
| V. § | |
| § | C.A. NO. C-04-669 |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |

**ORDER DENYING MOTION FOR
APPOINTMENT OF APPELLATE COUNSEL**

Petitioner is a Texas state inmate who has asserted a claim based on a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The undersigned magistrate judge issued a memorandum and recommendation, recommending that respondent's motion for summary judgment be granted.  (D.E. 21).  The district judge adopted this recommendation and entered final judgment.  (D.E. 26, 27).  Pending is petitioner's motion for appointment of appellate counsel.  (D.E. 31).

There is no constitutional right to counsel in federal habeas proceedings. Coleman v. Thompson, 501 U.S. 722, 755 (1991) (petitioner did not have "constitutional right to counsel of appeal from state habeas trial court judgment"); Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (citing Coleman); Johnson v. Hargett, 978 F.2d 855, 859 & n.14 (5th Cir. 1992) (same).  In Pennsylvania v. Finley, 481 U.S. 551 (1987), the Supreme Court explained that there is no right to the

appointment of counsel for a petitioner seeking habeas corpus review:

> Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals.... We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

Id. at 555.  This legal reasoning also applies to a motion for appellate counsel.

Accordingly, petitioner's motion for appointment of appellate counsel, (D.E. 31), is DENIED without prejudice.  Petitioner may file a motion directly with the Clerk of the Court of the United States Court of Appeal for the Fifth Circuit.

ORDERED this 25th day of January 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE